UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )   Cr. No. 13-62 S
                                   )
BASSAM KHALIL, et al.,             )
                                   )
                                   )
          Defendants.              )
_____)
```

## OPINION AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant Bassam Khalil's Motion to Sever his trial from that of his co-defendant pursuant to Federal Rule of Criminal Procedure 14 (ECF. No. 155). For the reasons set forth below, the motion is DENIED.

I. Background

Following an extensive investigation by federal and state law enforcement, Bassam Khalil was indicated in May 2013. Four months later, the grand jury returned a superseding indictment charging Bassam Khalil with conspiracy to engage in contraband cigarette trafficking, contraband cigarette trafficking, conspiracy to commit social security fraud, social security fraud, and conspiracy to commit money laundering.

Bassam Khalil and his co-defendant Wissam Khalil are scheduled to stand trial beginning July 7, 2014.[1] The Court held a final pre-trial conference on June 30, 2014. During that conference, counsel for Wissam Khalil indicated he would likely pursue a defense that argued the instant case began as a terrorism investigation, but when that terror inquiry proved fruitless, the Government inflated allegations involving contraband cigarettes. Bassam Khalil does not plan on pursuing the same defense. He now argues his case should be severed because he will be prejudiced and not receive a fair trial due to the "highly incendiary" and "emotional" nature of Wissam Khalil's defense.

II. Discussion

The Court of Appeals for the First Circuit has often reiterated that "individuals who are indicted together generally should be tried together." See e.g., United States v. Turner, 501 F.3d 59, 73 (1st Cir. 2007). Where trying defendants together would cause undue prejudice, however, a district court may sever the trials of those indicted, or "provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In conspiracy cases, like the one presently before the Court, a motion to sever faces an intentionally high burden and will only

---

[1] Bassam and Wissam Khalil are brothers. To avoid confusion, the full name of each respective Khalil will be used throughout this opinion.

be granted where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (internal citations and quotation marks omitted).[2]

Wissam Khalil's proposed defense boils down to an argument that he is not a terrorist, and once the Government learned of this, it tried to save face by overcharging him in the instant case. This defense does not jeopardize the ability of a jury to make a reliable judgment about Bassam Khalil's guilt or innocence. Indeed, a jury instruction tailored to address the defense will alleviate any concern raised by Bassam Khalil. See United States v. Celis, 608 F.3d 818, 845 (D.C. Cir. 2010). In Celis, the Government presented evidence in a multiple-defendant trial that one defendant was a member of the Columbian terrorist organization Fuerzas Armadas Revolucionaras de Colombia ("FARC"). Id. at 844-45. Another defendant, who was not a member of FARC, moved to sever, arguing that evidence of atrocities committed by the terrorist group prejudiced him at

---

[2] One rationale for this rule is simple. Joint trials promote efficiency and the due administration of justice. United States v. Caramadre, 882 F. Supp. 2d 302, 305 (D.R.I. 2012). Here, the Government will call approximately 45 witnesses and the trial is expected to span 3 weeks. A joint trial would conserve judicial and prosecutorial resources.

trial. The Court of Appeals for the District of Columbia held that the district court acted within its discretion in denying the motion to sever and "fully addressed" any concerns about prejudice by instructing the jury that FARC was "not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the FARC." Id. at 845. The district court advised the jury that rather than focusing on the evidence of terrorist connections, "[t]he government must prove as to each defendant that he or she knowingly and willfully joined and participated in the conspiracy." Id. A similar instruction in this case will address concerns about prejudice.

III. Conclusion

For the foregoing reasons, Defendant Bassam Khalil's Motion to Sever is DENIED.

IT IS SO ORDERED.

/s/ W.E.Smith
_____
William E. Smith
Chief Judge
Date: July 3, 2014